UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ROBERT E. JACKSON, | : Case No. 1:24-cv-628 |
| Plaintiff, | : |
| vs. | : District Judge Matthew W. McFarland |
| | : Magistrate Judge Caroline H. Gentry |
| K. BAESSLER, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Warren Correctional Institution (WCI), in Lebanon, Ohio, has filed a *pro se* civil rights complaint against Defendants "K. Baessler," who appears to be an employee at WCI, and "Bishop," who appears to have been Plaintiff's cellmate. (*See* Doc. 1-1, at PageID 13). The Court understands the complaint to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a required review of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). For the reasons set forth below, the undersigned recommends that the claim against Defendant Baessler be dismissed without

prejudice, and that the claim against Defendant Bishop be dismissed with prejudice. The undersigned further recommends that Plaintiff be permitted to file an amended complaint.

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, the Court must dismiss this case if it determines that the claims in the Complaint are frivolous, malicious, or fail to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

The Complaint sets forth the following factual allegations, in their entirety:

K. Baessler did not perform job duties when I informed him that I'm being assaulted by my cellie.

Bishop (cellmate) assaulted me while being cellmates.

I would like to see things change and help those overcome problems in the right manner.

Plaintiff seeks injunctive relief to protect his safety, change how reported assaults are investigated and punished, and train staff accordingly. (Doc. 1-1 at PageID 13-14).

C. **Analysis**

For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the undersigned therefore recommends that the claims be dismissed.

Beginning with Plaintiff's Section 1983 claim against his former cellmate, Defendant Bishop, this claim fails as a matter of law. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of [state] law." *Hohenberg v. Shelby Cty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Because Section 1983, "by its own terms, applies only to those who act 'under color' of state law[,] . . . as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). Accordingly, courts have found that "an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (citing cases). Since Plaintiff's Section 1983 claim against Defendant Bishop therefore fails as a matter of law, the undersigned **RECOMMENDS** that it be **DISMISSED with prejudice**.

Turning to Plaintiff's Section 1983 claim against Defendant Baessler, it appears that Plaintiff is asserting a failure-to-protect claim under the Eighth Amendment to the United States Constitution. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment claim against a prison official based on their failure to protect the plaintiff from attack by other inmates, a plaintiff must present evidence showing that the defendant's conduct amounted to "deliberate indifference" to a known risk of harm. *Farmer*, 511 U.S. at 837; *see also Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 683 (6th Cir. 2024).

The deliberate indifference test contains both objective and subjective elements, and Plaintiff must plead and prove that both elements are established to prevail on this claim. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). The objective element requires the harm to be "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). "According to the Supreme Court, the risk must be so grave that 'society' refuses to tolerate it." *Caraway*, 98 F.4th at 683 (citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993)).

The subjective element requires a plaintiff to plead and prove facts that permit the reasonable inference that the defendant (1) had notice that the plaintiff was particularly vulnerable to assault by another inmate and (2) failed to reasonably respond to that risk. *Id.* at 686 (citing *Zakora v. Chrisman*, 44 F.4th 452, 472 (6th Cir. 2022); *Farmer*, 511 U.S. at 844). Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Farmer*, 511 U.S. at 835. *See also Reilly v. Vadlamudi*, 680 F.3d 617, 623–24 (6th Cir. 2012) ("Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error."). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

5

exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a substantial risk but did not. *Id*. at 838. Further, "prison officials who actually knew of substantial risk to inmate health or safety may be found free from [Eighth Amendment] liability if they responded reasonably to the risk, even if harm ultimately was not averted." *Id*. at 844.

As noted above, in order to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," which requires that "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570) (internal quotation marks omitted). Here, as they are currently pled in the Complaint, Plaintiff's factual allegations against Defendant Baessler are not sufficient to satisfy either the objective element or the subjective element of the deliberate indifference test.

Rather, because Plaintiff's allegations consist solely of "naked assertion[s] devoid of further factual enhancement" they fail to meet the basic pleading standard. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Without additional facts, the Court cannot infer more than the mere possibility of misconduct, [as] the [Plaintiff] has alleged—but has not "show[n]—that [he] is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Since Plaintiff's Section 1983 claim against Defendant Baessler fails as it is currently pled because it is not supported by sufficient factual allegations, the undersigned **RECOMMENDS** that it be **DISMISSED without prejudice** and that Plaintiff be given the opportunity to amend his Complaint.

### D. Conclusion

For the reasons set forth above, the undersigned concludes that Plaintiff's Section 1983 claim against Defendant Bishop fails as a matter of law, and should be **DISMISSED with prejudice**. The undersigned further concludes that Plaintiff's Section 1983 claim against Defendant Baessler fails because it is not supported by sufficient factual allegations, and should be **DISMISSED without prejudice**. Finally, the undersigned **RECOMMENDS** that Plaintiff be permitted to file an amended complaint within **THIRTY (30) DAYS** of any Order adopting this Report and Recommendation.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claim against Defendant Bishop be **DISMISSED WITH PREJUDICE**;

2. Plaintiff's claim against Defendant Baessler be **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff be permitted to file an amended complaint within **THIRTY (30) DAYS** of any Order adopting this Report and Recommendation. Any amended complaint must set forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. *See* Fed. R. Civ. P. 8. As required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced; and

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

April 3, 2025                                                                  */s/ Caroline H. Gentry*
                                                                                    CAROLINE H. GENTRY
                                                                                    United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).